**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINTIN ADKINS, a.k.a. Quinton Adkins,

Defendant - Appellant.

Nos. 01-4058 and 01-4103

(D. Utah)

(D.C. Nos. 2:99-CR-107-J, 2:99-CR-107-02-J)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' requests for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). These two appeals are, therefore, submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Quintin Adkins, a federal prisoner appearing pro se, has filed two appeals of his sentence (actually, his re-sentence) for violation of 21 U.S.C. § 841(a) and (b)(1)(B) and 18 U.S.C. § 2 (possession, with intent to distribute, of in excess of one hundred grams of heroin and the aiding and abetting of the same). We reach the substance of Mr. Adkins' first appeal (appeal number 01-4058); however, finding no merit in any of Mr. Adkins' contentions, we affirm the (re-)sentence imposed upon Mr. Adkins. Having so concluded and because Mr. Adkins' second appeal (appeal number 01-4103) is entirely duplicative of the first appeal, we dismiss, as moot, the second appeal.

## I. BACKGROUND

The United States charged Mr. Adkins with (1) one count of possession of heroin, with intent to distribute, and the aiding an abetting of the same and (2) one count of possession of marijuana, with intent to distribute, and the aiding and abetting of the same. Mr. Adkins pleaded guilty to Count I (the heroin count), conditioned upon his ability to appeal certain legal issues. In exchange, the United States successfully petitioned the district court for dismissal of Count II (the marijuana count). The district court sentenced Mr. Adkins to 188 months of imprisonment, pursuant to Mr. Adkins' perceived status as a career offender. Mr. Adkins appealed his conviction and sentence. We affirmed Mr. Adkins'

conviction but, upon the United States' concession that Mr. Adkins did not in fact satisfy the requisites for classification as a career offender, vacated Mr. Adkins' sentence and remanded for re-sentencing. See United States v. Adkins, No. 99-4184, 2001 WL 15537 (10th Cir. Jan. 8, 2001) (unpublished disposition) (Adkins I).

At re-sentencing, Mr. Adkins advanced three motions. First, Mr. Adkins requested that the court vacate his conviction based upon an asserted violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. Second, Mr. Adkins, noting that he pleaded guilty only to the possession, with intent to distribute, of "in excess of 100 grams of heroin," sought to limit his sentence to that applicable to a quantity of one hundred-400 grams of heroin. Rec. vol. II, doc. 75, at 4 (Plea Agreement, filed May 18, 1999). Third, Mr. Adkins sought a downward departure from the guideline range imposed by the United States Sentencing Guidelines (the "U.S.S.G."). Mr. Adkins sought such a departure pursuant to U.S.S.G. §§ 4A1.3 and 5H1.4 (based, respectively, upon (1) Mr. Adkins' representation that, because his prior convictions were numerous but relatively minor, Criminal History Category VI (for purposes of the U.S.S.G.) over-represented his true criminal history and (2) Mr. Adkins' asserted chest and back pain, sleep apnea, and asthma).

During the course of a March 22, 2001 re-sentencing hearing, the district court denied each of Mr. Adkins' motions. Left facing a guideline range requiring a sentence of between 110 and 137 months of imprisonment, the district court sentenced Mr. Adkins to a term of imprisonment of 110 months. Mr. Adkins promptly filed a notice of appeal on March 26, 2001 (thereby initiating appeal number 01-4058). On April 9, 2001, the district court formally entered the judgment by which the court imposed the 110-month sentence. Mr. Adkins, apparently concerned that his March 26, 2001 notice of appeal would be rejected as premature, subsequently filed a second notice of appeal (thereby initiating appeal number 01-4103). In each of his appeals, Mr. Adkins asserts that the district court erred in denying the motions that he advanced at re-sentencing.

## II. DISCUSSION

Our appellate jurisdiction arises pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We consider appeal number 01-4058 on the merits but reject Mr. Adkins' assertions of error; we dismiss, as moot, appeal number 01-4103.

A.     **Appeal Number 01-4058**

Mr. Adkins need not have been concerned that, because he filed his notice of appeal subsequent to the district court's March 22, 2001 sentencing order but prior to the district court's April 9, 2001 entry of judgment in regard to that

sentence, his notice of appeal would be left without effect. Federal Rule of Appellate Procedure 4(b)(2) explicitly directs: "A notice of appeal filed after the court announces a decision, sentence, or order – but before the entry of judgment or order – is treated as filed on the date of and after the entry." Thus we have jurisdiction to consider appeal number 01-4058.

Upon reaching the merits of appeal number 01-4058, however, we reject each of Mr. Adkins' contentions of error. Mr. Adkins first claims that the United States secured his indictment in violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. Mr. Adkins, however, raised this issue upon his initial appeal to our court. In Adkins I , we concluded that "[t]he trial court carefully considered all the relevant factors in its decision [that the United States could re-indict Mr. Adkins despite the dismissal of an initial indictment, pursuant to the Speedy Trial Act] and did not abuse its discretion [in making that decision]." United States v. Adkins , No. 99-4184, 2001 WL 15537, at *1 (10th Cir. Jan. 8, 2001) (unpublished disposition). Ultimately, we reiterated: "We affirm the conviction and sentence except for the part of the sentence attributable to career offender status." Id.

Our decision, in Adkins I , on the Speedy Trial Act issue controls our current analysis under the "law of the case" doctrine. See United States v. Alvarez , 142 F.3d 1243, 1246-48 (10th Cir. 1998) (explaining that, "when a case is appealed and remanded, the decision of the appellate court establishes the law

-5-

of the case and ordinarily will be followed by both the trial court on remand <u>and</u> <u>the appellate court in any subsequent appeal</u>," with one relevant, though narrow, exception: "where the [prior] decision was clearly erroneous and would work a manifest injustice") (emphasis added).  As Mr. Adkins has failed to establish that our decision in <u>Adkins I</u> was "clearly erroneous and would work a manifest injustice," <u>id.</u> at 1247, we reject Mr. Adkins' contention of error on this point.

Second, Mr. Adkins makes two related claims regarding the fact that his sentence is partly based upon his possession, with intent to distribute, of between 400 and 700 grams of heroin, whereas his Plea Agreement only specified that he was pleading guilty to a crime involving "in excess of 100 grams of heroin."  Rec. vol. II, doc. 75, at 4 (Plea Agreement, filed May 18, 1999). [1]  Mr. Adkins insists that such a sentence violates the terms of his Plea Agreement; Mr. Adkins also argues that such a sentence is inconsistent with the Supreme Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

We address Mr. Adkins' concerns in turn.  First, we note that Mr. Adkins' sentence is, in fact, not inconsistent with the plea into which he entered.  Mr. Adkins' Plea Agreement simply states that he is pleading guilty to "knowingly and intentionally possess[ing] in excess of 100 grams of heroin . . ."  Rec. vol. II,

---

[1]  Mr. Adkins does not, however, challenge the reality that, as a purely factual matter, he is indeed responsible for the possession of between 400 and 700 grams of heroin.

doc. 75, at 4 (Plea Agreement, filed May 18, 1999). Mr. Adkins was sentenced for the possession of between 400 and 700 grams of heroin. Since 400 to 700 grams of heroin is a quantity "in excess of 100 grams of heroin," id., Mr. Adkins' sentence is not inconsistent with his Plea Agreement. Further, in his Plea Agreement, Mr. Adkins acknowledged: "I know that the maximum possible penalty provided for by law for Count I of the Indictment to which I am pleading guilty . . . is[] a term of imprisonment of . . . life . . ." and "I know that there is no appellate review of any lawful sentence imposed under a plea of guilty." Id. at 1, 3 (emphasis added). During a colloquy with the district court, Mr. Adkins further acknowledged: "Yes, sir, it was more than 100 grams." Rec. vol. IV, at 17 (Tr. of Mr. Adkins' Plea, dated May 18, 1999). During the same colloquy, Mr. Adkins also answered "Yes, sir" after being advised by the court that a guilty plea meant a term of imprisonment of "[n]ot . . . more than life." Id. at 17-18. Finally, Mr. Adkins answered "Yes, sir" when asked to acknowledge the fact that the Plea Agreement, as drafted, fully contained any and all promises made by the United States. Id. at 19-20.

As to the second aspect of Mr. Adkins' claim regarding the quantity of heroin for which he is properly accountable, we note that while some of the reasoning of Apprendi may seem to bear on Mr. Adkins' claim, certainly the holding of Apprendi itself does not require that Mr. Adkins be sentenced only as

if his crime involved between one hundred and 400 grams of heroin. Apprendi simply forbids a court from imposing (except as to sentence enhancements imposed on account of a prior conviction) a sentence in excess of the statutory maximum for the crime for which the defendant was charged and convicted. See Apprendi , 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Here, Mr. Adkins pleaded guilty to (i.e. was convicted for) violation of a statute for which the maximum term of imprisonment was forty years. [2] Mr. Adkins' sentence is for 110 months' imprisonment (i.e. nine years and two months). Since 110 months of imprisonment is not greater than 40 years of imprisonment, Mr. Adkins' sentence does not violate the dictates of Apprendi . See United States v. Sullivan , 255 F.3d 1256, 1265 (10th Cir. 2001) ("[So long as the sentence ultimately imposed remains below] the [relevant] statutory maximum[,] . . . Apprendi does not apply to sentencing factors that increase a defendant's guideline range . . .").

---

[2]  For cases (1) involving in excess of one hundred grams of heroin and (2) where the defendant has a "prior conviction for a felony drug offense," 18 U.S.C. § 841(b)(1)(B) provides for a maximum sentence of life imprisonment. Mr. Adkins' case both involved in excess of one hundred grams of heroin and featured a defendant (Mr. Adkins) with a prior conviction for a felony drug offense. As part of Mr. Adkins' Plea Agreement, however, the United States agreed not to file a particular notice necessary to trigger § 841(b)(1)(B)'s possibility of life imprisonment. Hence, the statutory maximum applicable to Mr. Adkins, also via § 841(b)(1)(B), is only forty years' imprisonment.

Third and finally, Mr. Adkins claims that the district court erred in declining to grant a downward departure from the otherwise applicable U.S.S.G. guideline range. Mr. Adkins asserts that the district court should have departed, pursuant to U.S.S.G. § 5H1.4, due to Mr. Adkins' alleged chest and back pain, sleep apnea, and asthma. [3] More particularly, Mr. Adkins argues that the district court declined to depart based solely on Mr. Adkins' failure to present evidence of these conditions and, further, invited Mr. Adkins to return to court with evidence of such conditions.

Where a district court is aware of the court's authority to enter a downward departure under the U.S.S.G. and, in exercise of that court's discretion, elects not to so depart, we are without power to reverse the district court. See United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998) ("We clarify here that the courts of appeal[] cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the

---

[3] Before the district court, Mr. Adkins also sought a downward departure, pursuant to U.S.S.G. § 4A1.3, based upon the alleged fact that Criminal History Category VI, the admittedly mathematically correct classification of Mr. Adkins' criminal history, over-represents Mr. Adkins' true criminal history due to the relatively minor nature of some of Mr. Adkins' prior offenses. Mr. Adkins does not appeal the district court's refusal to depart on this ground.

defendant.”).  Here, the district court was clearly aware of the court's power to depart, pursuant to § 5H1.4, from the applicable guideline range.  The court commented:

> Well I'll deny each of the motions.  In reference to the one relating to physical condition[,] I should note that that matter on occasion has been visited before and I'm pleased that [Mr. Adkins has] been able to relieve his sleep problem with the use of a standard machine that others have used over the years and to note also that in the federal institutions medical assistance is available, and I'll be glad to listen to any additional elocution that people are interested in calling to my attention within the wiggle room that I have.

Aple's Br. Attach. C, at 13-14 (Tr. of Sentencing Hr'g, dated Mar. 22, 2001).  The district court's comments make clear that the court was aware that § 5H1.4 indeed provided some room for a downward departure, that the court was aware of the general nature of Mr. Adkins' request for a departure under that section of the guidelines, and that the court was willing to hear, <u>at that time</u>, further evidence regarding the appropriateness of such a departure.  We are without authority to second-guess the district court's discretionary denial of the requested departure.

**B.    Appeal Number 01-4103**

We dismiss, as moot, Mr. Adkins' second appeal (appeal number 01-4103).  Mr. Adkins' second appeal raises arguments identical to those raised in his first

appeal; indeed, Mr. Adkins filed identical briefs in the two appeals. Having addressed Mr. Adkins' arguments via his first appeal, and having rejected each of those arguments, we now dismiss, as moot, Mr. Adkins' second appeal.

### III. CONCLUSION

Given Mr. Adkins' pro se status and pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (per curiam), we have liberally construed Mr. Adkins' filings. For the reasons stated above, however, we utilize appeal number 01-4058 to AFFIRM Mr. Adkins' conviction and sentence; we DISMISS, as moot, appeal number 01-4103.

Entered for the Court,


Robert H. Henry
Circuit Judge

-11-